**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WARNE KEAHI YOUNG, | No. 13-16226 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-00580-ACK-RLP |
| v. | |
| COUNTY OF HAWAII, a municipal corporation; HAWAII ISLAND HUMANE SOCIETY S.P.C.A., a non-profit corporation; DONNA WHITAKER, individually and in her official capacity as Executive Director of the Hawaii Humane society S.P.C.A.; STARR K. YAMADA, individually and in her official capacity as a Humane Officer; MICHAEL G.M. OSTENDORP; CARROLL COX; DARLEEN R.S. DELA CRUZ; ROBERTA KAWENA YOUNG, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, Senior District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted June 10, 2014[]
Honolulu, Hawaii

Before: W. FLETCHER, IKUTA, and HURWITZ, Circuit Judges.

Warne Keahi Young appeals from a district court judgment, granting summary judgment against him on his 42 U.S.C. § 1983 claims and declining to exercise supplemental jurisdiction over his state-law claims. Young alleged that the Hawaii Island Humane Society (HIHS) and its employees (collectively, the HIHS defendants) violated his constitutional rights by seizing—pursuant to a judicial warrant—seventeen dogs from his residence and by accepting the legal transfer of the dogs after Young's mother presented a notarized power of attorney (POA) from Young. Young also appeals the district court's grant of summary judgment to Michael Ostendorp on Young's § 1983 claim that Ostendorp, Young's attorney, conspired with HIHS officials to violate his constitutional rights. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

**1.** The district court did not err in granting summary judgment to the HIHS defendants. The Fourth Amendment's prohibition against unreasonable seizures is not violated if a government official's conduct is objectively reasonable under the circumstances. *Hill v. California*, 401 U.S. 797, 803–04 (1971). The HIHS

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

defendants acted reasonably in executing a valid judicial warrant that authorized seizure of the dogs and in accepting the legal transfer of the dogs from Roberta Young, who presented a POA certified by a notary as signed by Warne Young.

2. Contrary to Young's arguments, the district court did not grant summary judgment sua sponte on federal claims that were not challenged in the HIHS defendants' motion for summary judgment. The motion sought judgment on all of Young's § 1983 claims. *See Norse v. City of Santa Cruz*, 629 F.3d 966, 971–72 (9th Cir. 2010) (en banc) (holding that a district court may grant summary judgment on any claim in a complaint if "the losing party has reasonable notice that the sufficiency of his or her claim will be in issue") (internal quotation marks omitted). Nor did the HIHS officials lack authority to apply for and execute the search warrant, as they are "law enforcement officers" who may obtain search warrants under Hawaii law. *See* Haw. Rev. Stat. §§ 710-1000(18), 711-1109.1, 711-1110.

Young's remaining Fifth and Fourteenth Amendment claims also fail. Because Young's property was seized pursuant to a valid search warrant, there was no violation of the Takings Clause of the Fifth Amendment. *See Bennis v. Michigan*, 516 U.S. 442, 452 (1996). State tort law provides adequate post-deprivation remedies, *see, e.g.*, *Freddy v. Nobriga Enters., Inc. v. Dep't of Hawaiian Home Lands*, 129 Haw. 123, 128–30 (Ct. App. 2013), which meet the requirements of the Due Process Clause

of the Fourteenth Amendment, *see Parratt v. Taylor*, 451 U.S. 527, 541 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).  Finally, Young's property was seized pursuant to a "subjective, individualized decision," which is not subject to an Equal Protection Clause claim under a class-of-one theory. *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 603–04 (2008).

**3.** The district court did not err in granting summary judgment to Ostendorp on Young's § 1983 claim.  Ostendorp, a private actor, told HIHS that Roberta Young had legal authority to transfer the dogs.  The agency verified these representations by speaking to Roberta Young and obtaining a copy of the notarized POA.  Even assuming that Ostendorp and Roberta Young conspired to obtain the POA fraudulently, Young presented no evidence of a conspiracy between the HIHS defendants and Ostendorp.

**AFFIRMED.**